# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**JATRAVIA ISOM**

*Plaintiff,*

v.

**CLARITY SERVICES, INC.,**

*Defendant.*

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Jatravia Isom ("**Mr. Isom**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Isom against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Lee County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Jatravia Isom

5. Mr. Isom is a natural person residing in Fort Myers, Lee County, Florida.

6. At all relevant times, Mr. Isom was residing in Lee County, Florida.

7. Mr. Isom is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

8. Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

9. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third

parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

11. In or prior to July 2019, Clarity began maintaining a credit file on Mr. Isom. *See* **PLAINTIFF'S EXHIBIT A.**

12. At some point after this, Clarity incorporated credit information belonging to Thomas Reavis, an unrelated individual born in 1988 and who appears to live in Middleburg, Florida, into its credit file regarding Mr. Isom. *Id.*

13. Thereafter, Clarity's credit file on Mr. Isom stated his name is Thomas Reavis and that he is also known as Jatravia Isom. *Id.*

14. Clarity's credit file on Mr. Isom states he has lived in Lehigh Acres, Florida, Fort Myers, Florida and Middleburg, Florida. *Id.*

15. Mr. Isom has never used nor applied for credit using the name "Thomas Reavis."

16. Mr. Isom has never lived nor claimed to have lived in Middleburg, Florida.

17. On information and belief, Clarity's file on Mr. Isom is an example of a *mixed file*.

18. A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it should relate.

19. On information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

20. In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

21. Indeed, on information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

22. These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

23. Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

24. Despite such knowledge, Clarity has declined to correct its systems.

**Clarity's File on the Plaintiff Includes Additional Inaccuracies**

25.     In addition to the information highlighted above, Clarity's credit file on Mr. Isom includes several false dates of birth. *See* **PLAINTIFF'S EXHIBIT A.**

26.     Mr. Isom was born on December 24, 1990; however, Mr. Isom's disclosure shows Clarity is reporting two other dates of birth ranging from December 23, 1990 and October 8, 1988. *Id.*

27.     On information and belief, Thomas Reavis 1988 birth date is one of the birth dates falsely reported by Clarity as belonging to Mr. Isom. *Id.*

28.     Clarity also reported an email address, DDRAGG**@BIGFOOT.COM[1] – which purportedly belongs to Thomas Reavis. *Id.*

29.     Clarity also has inserted clearly erroneous – and often preposterous – data into Mr. Isom's file, which it knows is false and inaccurate. *Id.*

30.     Clarity also reported Mr. Isom's as having a cell phone number and a home phone number with a 770-area code and a work phone number with a 918-area code. *Id.*

31.     At no time has Mr. Isom had a phone number with either a 770 or a 918-area code.

32.     Clarity reported that on October 18, 2020, Mr. Isom had simultaneously been at his current employer for 0, 12, and 24 months. *Id.*

---

[1] The full email address appears on Mr. Isom's report; for privacy reasons, it has been redacted here.

33. Clarity reported that Mr. Isom's occupation was "NA" at least 2 times on October 18, 2020, even though, once again, this data was not actually reported by any data furnisher to Clarity. *Id.*

34. No guide, legend, or other information exists to inform Mr. Isom (or readers of his report) that "NA" is simply Clarity shorthand for "no data reported."

35. Additionally, Clarity reported at least 3 times between October 2, 2020 and October 29, 2020 that Mr. Isom's monthly income was $18,250.00, while also reporting his monthly income as $1,500.00 and $1,730.00 during the same time period. *Id.*

36. Further, Clarity reported on at least 2 occasions that Mr. Isom has an open bank account at Wells Fargo Bank, Na., along with the Suncoast Credit Union and Navy Federal Credit Union. *Id.*

37. At no time has Mr. Isom held a bank account with Wells Fargo Bank.

38. Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

39. The fact Clarity programs its automated systems to insert information which was not actually reported is, on its face, unreasonable.

40. Indeed, Clarity routinely uses procedures which virtually guarantee false, inaccurate, and fabricated data is inserted into consumer credit files.

41. Despite its obligation to utilize reasonable procedures to ensure maximum possible accuracy, Clarity has sold over **11** consumer reports to Mr. Isom's creditors containing another unrelated individuals' name, address, date of birth and email address, banking information and employment history that all do not concern Mr. Isom.

42. Upon learning that Clarity now believes he is also known by an unrelated stranger's name, which is clearly not him, and whom lives almost 300 miles away in a city where he has never resided, Mr. Isom became very concerned, as Clarity's reports concerning him contain egregiously wrong information.

### Clarity's Errors Directly Effect Credit Scores and Other Scores

43. One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc.,

https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

44. The presence of the name "Thomas Reavis" combined with what is presumably Mr. Reavis's personal information being incorporated into Mr. Isom's file, resulted in Mr. Isom's credit applications being falsely flagged as potentially fraudulent.

45. Mr. Isom's Clarity Credit Score was 911 as of June 26, 2024 with the range of possible scores being 516 to 951. *See* **PLAINTIFF'S EXHIBIT B.**

46. The adverse factor listed by Clarity as to why Mr. Isom's score was 911, was the number of changes in application information, e.g. his name, address, occupation, employer and email. *Id.*

47. Thus, the fact that Clarity's scoring algorithms saw too many changes to application information – e.g., different names, states of residence, date of birth, different employers, different occupations, etc. – lowered his Clarity Credit Score.

48. As a result of Clarity's erroneous association of information unrelated to Mr. Isom in his consumer report, his credit score has been negatively impacted.

49. As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Mr. Isom which it sold to many creditors, and potential creditors, as any reasonable

procedure would have determined that information about an unrelated individual was mixed with Mr. Isom's data.

50. Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Mr. Isom.

51. Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Thomas Reavis) whose information was thereby improperly disclosed.

### Clarity Sells Plaintiff's Data Without Permissible Purpose

52. On or about August 25, 2022, Credit Ninja, a sub-prime lender making loans at over 200% interest, requested a report about Thomas Reavis.

53. Also on August 25, 2022, WithU Loans, another sub-prime lender making loans at over 200% interest, requested a report about Thomas Reavis.

54. Credit Ninja and WithU Loans clearly stated whom they were asking for a report on, providing Thomas Reavis' name, his Middleburg, Florida address, two phone numbers, date of birth, and Social Security number.

55. In response, Clarity supplied Credit Ninja and WithU Loans clearly with reports containing Mr. Isom's personal and private information.

56. Clarity had no reasonable basis to believe Credit Ninja or WithU Loans had asked for a report about Plaintiff or that any other permissible purpose to sell Plaintiff's report to these lenders existed, despite a requirement under § 1681b(a)(3) to provide reports only in the event permissible purpose to furnish the report exists.

57. As a result of Clarity's conduct, Mr. Isom has suffered damage to his Clarity credit scores, damage to his reputation, and loss of credit.

58. Clarity frequently sells reports about consumers to online lenders who requested reports on unrelated individuals and has been sued many times in the past for these actions. See, e.g., *Alexander Gil vs. Clarity Services, Inc.*, case 8:23-cv-00845, M.D. Fla., April 18, 2023 (sale of report of a Florida consumer to online lender requesting report of unrelated Nevada resident); *Donna Ford vs. Clarity Services, Inc.*, case number 4:22-cv-00301-MW-MAF, N.D. Fla., July 2022 (sale of report of a Florida consumer to online lender requesting report of unrelated male Oregon resident as well as an unrelated male Florida resident).

59. Mr. Isom has also suffered severe emotional distress and has spent time and money to correct his file and force Clarity to comply with its statutory obligations, and in procuring counsel.

60. Mr. Isom has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to the firm.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

61. Mr. Isom adopts and incorporates paragraphs 1 - 60 as if fully stated herein.

62. Clarity willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Isom, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Isom's reports, or the inclusion of information regarding false dates of birth.

63. Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

64. Clarity's policies could reasonably be foreseen to cause harm to Mr. Isom.

65. Clarity is thus liable to Mr. Isom, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Isom' actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Isom respectfully requests this Honorable Court enter judgment against Clarity for:

   a. The greater of Mr. Isom' actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3);

   c. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

   d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
## Plead In the Alternative to COUNT I

66. Mr. Isom adopts and incorporates paragraphs 1 - 60 as if fully stated herein.

67. Clarity negligently violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Isom, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Isom' reports, or the inclusion of information regarding false dates of birth.

68. Clarity's negligence in regard to their policies could reasonably be foreseen to cause harm to Mr. Isom.

69. Clarity acted negligently and is thus liable to Mr. Isom, pursuant to 15 U.S.C. § 1681o, for Mr. Isom' actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Isom respectfully requests this Honorable Court enter judgment against Clarity for:

a. Mr. Isom' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2);

c. Such other relief that this Court deems just and proper.

## COUNT III
## **CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)**

70. Mr. Isom adopts and incorporates paragraphs 1 - 60 as if fully stated herein.

71. Clarity willfully violated 15 U.S.C. § 1681b(a)(3) when it furnished reports to Credit Ninja and WithU Loans about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

72. Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom Credit Ninja and WithU Loans requested reports on and Plaintiff.

73. Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

74. Clarity is thus liable to Mr. Isom, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Isom' actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

75. WHEREFORE, Mr. Isom respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

   a. The greater of Mr. Isom' actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   d. Such other relief that this Court deems just and proper

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)
## Plead In the Alternative to COUNT V

76. Mr. Isom adopts and incorporates paragraphs 1 - 60 as if fully stated herein.

77. Clarity negligently violated 15 U.S.C. § 1681b(a)(3) when it furnished reports to Credit Ninja and WithU Loans about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

78. Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom Credit Ninja and WithU Loans requested reports on and Plaintiff.

79. Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

80. Alternatively, Clarity acted negligently and is thus liable to Mr. Isom pursuant to 15 U.S.C. § 1681o, for Mr. Isom' actual damages, reasonable attorneys' fees, and costs.

81. WHEREFORE, Mr. Isom respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

    a. Mr. Isom' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c. Such other relief that this Court deems just and proper

## JURY TRIAL DEMANDED

Mr. Isom hereby demands a trial by jury on all issues so triable.

Respectfully submitted on  July 2, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
Tel: 813-321-2349
*Lead Attorney for Plaintiff*

/s/ *Thomas Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
Tbonan@SeraphLegal.com
Tel: 813-321-2347
*Attorney for Plaintiff*

Seraph Legal, P.A.,
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

AClarity's Consumer Report for Mr. Isom, June 26, 2024 – Excerpts
BClarity's Credit Score for Mr. Isom, June 26, 2024 – Excerpt